GIERKE, Judge, with whom EFFRON, Judge,
joins (dissenting):
In my view, there was no probable cause for the search of appellant’s home. The search warrant was based on illegally obtained evidence that appellant had a computer in his home, a false statement that images had been uploaded or downloaded from appellant’s work-station computer, an unsubstantiated assumption that appellant was a pedophile, and a bare bones assertion that the images on appellant’s work-station computer were pornographic.
Furthermore, I do not believe that the magistrate judge had a “substantial basis for ... concluding] that probable cause existed.” United States v. Carter, 54 MJ 414, 418 (2001), quoting Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Where a warrant is issued based on false information, “the deference accorded to a magistrate’s finding of probable cause does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 ... (1978).” Carter, 54 MJ at 419, quoting United States v. Leon, 468 U.S. 897, 914-15, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
In this case, Special Agent (SA) Merkel, a “computer forensic specialist,” examined appellant’s work-station computer at the request of SA Schwartz, the OSI lead investigator. SA Merkel concluded that there was nothing in the computer necessarily indicating that images had been downloaded to a floppy disc.
*424 SA Schwartz passed the results of his investigation, including SA Merkel’s analysis, to SA Putnoky, who prepared an affidavit and submitted it to the magistrate judge. Contrary to SA Merkel’s conclusions, SA Putnoky’s affidavit asserted that “analysis of the hard drive on the government owned computer at [appellant’s] work cite disclosed that on several instances, files were either downloaded or uploaded from the hard drive to a diskette.” In my view, the investigators knowingly or recklessly provided the magistrate with false information.
SA Putnoky’s affidavit provided no description of the images found on appellant’s computer. It merely set out his conclusions that they were “child pornography,” “adult pornography,” and “apparent child pornography.” It is well established that “[t]he magistrate’s determination ‘cannot be a mere ratification of the bare conclusions of others.’ ” Carter, supra, quoting Leon, supra. In United States v. Monroe, 52 MJ 326, 332 (2000), this Court reaffirmed that a magistrate may not rely on the bare bones conclusions of investigators, but instead, “must be provided sufficient information to make an independent determination under the totality of the circumstances.” In Monroe, this Court held that the phrase “graphic pornographic photographs” was sufficient to describe “obscenity as legally defined.” This Court cautioned, however, that “[t]his is a case of borderline sufficiency and should not be taken as a model for future conduct.” Id. In my view, this Court drew the line in Monroe, and this case goes beyond that line.
SA Putnoky’s affidavit also assumed that appellant was a pedophile, and described at great length the kinds of items that are usually found in the homes of pedophiles. SA Putnoky’s affidavit, however, provided no factual support for his conclusion that appellant was a pedophile. Without such factual support, the affidavit did not provide sufficient information to permit the magistrate to independently determine whether appellant was a pedophile.
The basis for searching appellant’s home was SA Putnoky’s unsupported assertion that appellant was a pedophile, SA Putnoky’s unsupported assertion that the images were pornographic, and SA Putnoky’s false representation that images had been uploaded or downloaded on appellant’s work-station computer, using a floppy disc. Because the supporting affidavit contained false information and relied heavily on bare bones conclusions without supporting facts, I am unwilling to agree that the magistrate had a substantial basis for concluding that probable cause existed.
Furthermore, in my view, the good faith exception in Mil.R.Evid. 311(b)(3)(B), Manual for Courts-Martial, United States (1995 ed.),* cannot save the search in this case. In United States v. Leon, supra, the Supreme Court set out four circumstances where the good faith exception does not apply: (1) a false or reckless affidavit; (2) a “rubber stamp” judicial review; (3) a facially deficient affidavit; and (4) a facially deficient warrant. See Carter, 54 MJ at 419-20. The “substantial basis” prong of Mil.R.Evid. 311(b)(3)(B) is not satisfied if the affidavit is intentionally or recklessly false, or if it is a “ ‘bare bones’ recital of conclusions.” Id. at 421. In this case, SA Schwartz and SA Putnoky, the agents who executed the warrant, were the sources of the false information and the “ ‘bare bones’ recital of conclusions.” Unlike the majority, I do not consider SA Putnoky’s 26 years of investigative experience as a factor supporting good faith. To the contrary, I would expect an experienced agent to understand the implications of providing false information and relying on bare bones conclusions. Under these circumstances, I cannot conclude that SA Schwartz and SA Putnoky acted in good faith.
In my view, the military judge erred by refusing to suppress the evidence seized from appellant’s home. Accordingly, I dissent.

 The Manual provision cited is the version in effect at the time of appellant’s court-martial. The current version is unchanged.